UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:19-cv-00590-FDW-DSC

| | |
|---|---|
| LEGRETTA F. CHEEK, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> GURSTEL LAW FIRM, P.C., SHANNON ) <br> N. CRANE, WHITNEY M. JACOBSON, ) <br> and JESSE VASSALLO LOPEZ, ) <br> ) <br> Defendants. ) <br> ) | ORDER |

THIS MATTER is before the Court upon Plaintiff Legretta Cheek's Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 60(b) (Doc. No. 33) and Motion to Transfer (Doc. No. 34). For the reasons set forth in the Motion, the Plaintiff's Motion for Reconsideration and Motion to Transfer Venue to the United States District Court for the District of Arizona are **GRANTED**. The Clerk is respectfully DIRECTED to REOPEN the case and transfer it to the United States District Court for the District of Arizona.

I.  **BACKGROUND**

On November 4, 2019, *pro se* Plaintiff Legretta F. Cheek filed her Complaint (Doc. No. 1) against Defendants Gurstel Law Firm, P.C. ("Gurstel"), Shannon N. Crane, Whitney M. Jacobson, and Jesse Vassallo Lopez ("Individual Defendants"). In her Complaint, Plaintiff asserts Defendants, in attempting to collect a debt that arose when Plaintiff allegedly defaulted on a Bank of America, N.A. credit card, violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). See generally (Doc. No. 1). Plaintiff claims Defendants' collection

communications and civil complaint No. CV2018-056884, filed in Arizona on behalf of Bank of America, N.A., contained false representations and utilized deceptive means in attempt to collect an alleged consumer debt. Id. at 4-6. In support of her claim, Plaintiff seems to assert Defendants' filing of the Complaint in Arizona was improper, and thus, constituted a false representation and deceptive means of collecting a debt in violation of the FDCPA. Id. Plaintiff states throughout the Complaint (Doc. No. 1, p. 1) and her Amended Response (Doc. No. 28, p. 5-10) that she is a resident of North Carolina.

Defendants filed a Motion to Dismiss for Lack of Jurisdiction (Doc. No. 15). In response, Plaintiff filed a pro se Memorandum in Opposition (Doc. No. 23) and an Affidavit supporting her Memorandum (Doc. No. 25). The Court, in accordance with the principles under Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), further advised Plaintiff of her right to respond to Defendants' Motion and the burden of proof she carried in so responding. (Doc. No. 26). Thereafter, Plaintiff filed an Amended Response (Doc. No. 28), and Defendants filed a notice of intent not to file a reply (Doc. No. 29).

By Order on July 17, 2020, the Court found that Plaintiff failed to allege any facts which would make a prima facie showing of a sufficient jurisdictional basis over Defendants in this Court. (Doc. No. 31, p. 4-5). The Court found Plaintiff had misconstrued the federal statutes in question and that this Court was not the *appropriate* district court because it lacked personal jurisdiction over Defendants. Id. at 4-6. The Court granted Defendants' Motion to Dismiss (Doc. No. 15), *without prejudice*, and allowed Plaintiff thirty (30) days from the date of the Order to re-file. On July 31, 2020, seventeen days after the Order dismissing for lack of jurisdiction (Doc. No. 31), Plaintiff still appearing *pro se*, filed her Motion for Reconsideration under Rule 60(b) and Motion for Transfer (Doc. Nos. 33-34).

## II.     MOTION FOR RECONSIDERATION AND TO TRANSFER VENUE

Plaintiff moves for reconsideration of the Court's prior Order of dismissal.  Rule 60(b) permits a court to "relieve a party of its legal representative from a final judgment, order, or proceeding" due to, *inter alia*, "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1).  A Rule 60(b) motion must be filed no more than a year after entry of the judgment or order at issue. Fed. R. Civ. P. 60(c)(1).

Defendants argue that Rule 60(b) is an "extraordinary remedy" which sets aside "the sanctity of [a] final judgment." Compton v. Alton Steamship Co., Inc., 608 F.2d 96, 102 (4th Cir. 1979) (citation and internal quotation marks omitted).  Defendants further assert, relief from judgment under Rule 60(b)(6) should be granted only upon a showing that relief is "appropriate to accomplish justice" in "situations involving extraordinary circumstances." Dowell v. State Farm Fire Cas. Auto. Ins. Co., 993 F .2d 46, 48 (4th Cir. 1993) (internal quotation marks and citation omitted).  Because this Court's Order (Doc. No. 31) provided a thirty-day window to the Plaintiff to re-file, as such, the Plaintiff is not *required* to obtain relief "from a final judgment, order, or proceeding" under Rule 60(b).  Therefore, the Court GRANTS Plaintiff's Request for Reconsideration.

Plaintiff asks this Court to transfer venue to the District of Arizona.  Because it is undisputed that Defendants are not incorporated in North Carolina and do not maintain a regular and established place of business in this district, venue is improper.  See 28 U.S.C. § 1400(b); TC Heartland LLC v. Kraft Foods Group Brands LLC, 137 S. Ct. 1514, 1517 (2017).  Pursuant to 28 U.S.C. § 1406(a), "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  Rather than dismissing this action,

the Court finds the interests of justice would be served by transferring the case to a district in which it could have been initially filed. It appears the District of Arizona, where Defendant Gurstel is registered as a foreign corporation, is an appropriate venue for transfer. (See Doc. No. 1, p. 1-2). Accordingly, the Court denies the portion of Defendant's Motion seeking the Court's denial and GRANTS the transfer of venue to the United States District Court for the District of Arizona.

### III. CONCLUSION

IT IS, THEREFORE, ORDERED Plaintiff's Motion for Reconsideration and Motion to Transfer Venue to the United States District Court for the District of Arizona are **GRANTED**. The Clerk is respectfully DIRECTED to REOPEN the case and transfer it to the United States District Court for the District of Arizona.

**IT IS SO ORDERED.**

Signed: November 18, 2020

_____
Frank D. Whitney
United States District Judge