Andrew D. Parker (#028314)
PARKER DANIELS KIBORT LLC
888 Colwell Building
123 N. Third Street
Minneapolis, MN 55402
Telephone: (480) 739-2966
Facsimile: (612) 355-4101
*Attorney for Defendants Gurstel Law Firm, P.C.,
Shannon Crane, Whitney Jacobsen, and Jesse Vassallo Lopez*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| LeGretta F. Cheek, *Pro Se* | Case No. 2:20-CV-2253-PHX-JJT |
| Plaintiff, | |
| vs. | **DEFENDANTS' MOTION AND MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS** |
| Gurstel Law Firm, P.C., Shannon Crane, Whitney Jacobson, Jesse Vassallo Lopez, | |
| Defendants. | |

TO: The Clerk of Court and All Parties of Record:

## **MOTION**

Defendants Gurstel Law Firm, P.C., Shannon Crane, Whitney Jacobson, Jesse Vassallo Lopez ("Defendants") move the Court for a motion to dismiss under Federal Rule of Civil procedure Rule 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

# I. **<u>FACTS RELATING TO THE ARIZONA STATE COURT LAWSUIT</u>**

On November 30, 2018, Defendant Gurstel Law Firm, P.C., on behalf of Bank of America ("BOA") filed a civil action for breach of contract against Plaintiff Legretta F. Cheek ("Cheek") in the Superior Court of Arizona, County of Maricopa, Case No. CV-2018-056884 ("Creditor Action"). Cheek was personally served with the summons and complaint at 7124 W Linda Lane, Chandler Arizona, 85266. Thereafter, Cheek filed a motion to dismiss for improper venue. In her motion papers, Cheek argued that she was not a resident of Arizona, Maricopa County and that venue was improper pursuant to Arizona Statute § 12-401. Cheek claimed in her motion to dismiss that at the time of service of the summons and complaint she was a resident of North Carolina. BOA filed a responsive brief in opposition to the motion. On April 26, 2019, the Trial Court issued a ruling and denied Cheek's motion to dismiss. The Trial Court's order states:

> Defendant is not entitled to a dismissal. She was personally served where she resides in Arizona, at the same address listed in her Motion [paper's signature line]. Additionally, the exhibits to the Response [brief] show that the address listed on her account statements is the same address as where she was served. Defendant is, therefore, conducting business in Arizona. The Court has both personal and general jurisdiction over the Defendant. A.R.S § 12-401 provides that venue is proper in a county where a defendant resides. Defendant was residing in a residence in Chandler, Maricopa County when she was served with process.

Doc. 23, Creditor Action (Parker Decl. Ex. A).[1] Ultimately, BOA moved for summary

---

[1] The Arizona State Court Orders are attached to this motion for the convenience of the Court, however, Defendants request that this Court take judicial notice of all Arizona State Court and Arizona Appellate Court filings. See *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.,* 971 F.2d 244, 248 (9th Cir. 1992) (a Federal Court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue").

judgment for their breach of contract claims. On October 1, 2019, the Trial Court granted BOA summary judgment (Parker Decl. Ex. B). Thereafter, on October 23, 2019, Cheek filed a motion to vacate judgment as void for lack of jurisdiction. BOA filed an opposition to the motion for vacate. On December 20, 2019, the Trial Court denied the motion to vacate judgment. On January 14, 2020, Cheek filed a notice of appeal to the Arizona Court of Appeals Division One on the issues of lack of personal jurisdiction and improper venue. (See Legretta F. Cheek, Defendant/Appellant v. Bank of America, Plaintiff/Appellee, Case No. CA-CV-20-0097-2 (AZ. Ct. App. 2020). The appeal has been fully briefed and is currently pending.

## II. ARGUMENT

### A. Legal Standard of Review for Rule 12(b)(1) and 12(b)(6).

Federal Rule of Civil Procedure 12(b)(1) "allows litigants to seek the dismissal of an action from federal court for lack of subject matter jurisdiction." *Kinlichee v. United States*, 929 F. Supp. 2d 951, 954 (D. Ariz. 2013) (citing *Tosco Corp. v. Comtys. for a Better Env't,* 236 F.3d 495, 499 (9th Cir. 2001)). Allegations raised under Federal Rule of Civil Procedure 12(b)(1) should be addressed before other reasons for dismissal because if the complaint is dismissed for lack of subject matter jurisdiction other defenses raised become moot. *Kinlichee*, 929 F. Supp. 2d at 954.

A motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) may attack either the allegations of the complaint as insufficient to confer upon the court subject matter jurisdiction or the lack of subject matter jurisdiction

3

in fact. *Renteria v. United States*, 452 F. Supp. 2d 910, 919 (D. Ariz. 2006) (citing *Thornhill Publ'g Co., Inc. v. General Tel. & Elecs. Corp.,* 594 F.2d 730, 733 (9th Cir. 1979)). When the motion to dismiss attacks the allegations of the complaint as insufficient to confer subject matter jurisdiction, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. *Federation of African Amer. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996)). However, when the motion to dismiss is a factual attack on subject matter jurisdiction, no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts does not preclude the trial court from evaluating whether subject matter jurisdiction exists. *Thornhill*, 594 F.2d at 733. A plaintiff has the burden of proving that jurisdiction does in fact exist. *Renteria,* 452 F. Supp. 2d at 919 (citing *Thornhill,* 594 F.2d at 733). Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss. *Rosenbaum v. Syntex Corp.,* 95 F.3d 922, 926 (9th Cir. 1996).

"To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "In evaluating a Rule 12(b)(6) motion, the court accepts the complaint's well-pleaded factual allegations as true and draws all reasonable inferences in the light most favorable to the plaintiff." *Adams v. U.S. Forest Srvc.,* 671 F.3d 1138, 1142-43 (9th Cir. 2012). "However, the trial court does not have to accept as true conclusory

allegations in a complaint or legal claims asserted in the form of factual allegations." *In re Tracht Gut, LLC*, 836 F.3d 1146, 1150 (9th Cir. 2016).

### B. All of Plaintiffs' Claims Are Barred by the Rooker Feldman Doctrine, Res Judicata and Collateral Estoppel.

Plaintiff's Complaint states two counts but they are based on a single allegation that Plaintiff did not reside in Maricopa County, Arizona where she was served and where the Creditor Action Lawsuit was filed. Both Counts of the Complaint are barred under the Rooker Feldman doctrine.

The Rooker-Feldman doctrine establishes that federal district courts lack subject matter jurisdiction to entertain de facto appeals or collateral attacks on state court judgments. *Rooker v. Fidelity Trust Co.*, 44 S. Ct. 149, 150 (1923). This doctrine provides that "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based upon losing party's claim that the state judgment itself violates the losers ... rights." *Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994). *See also District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Company*, 263 U.S. 413, 416 (1923). "A de facto appeal exists when a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court and seeks relief from a state court judgment based on that decision." *Bell v. City of Boise*, 709 F.3d 890, 897 (9th Cir.2013). If a parties' claims constitute a de facto appeal, the claim constituting that appeal is barred as is any claim "inextricably intertwined with the state court judicial decision. *Id*.

Both of Plaintiff's claims arise under 15 U.S.C.A. § 1692i. Pursuant to 15 U.S.C. § 1692i a debt collector can only bring a legal action to collect the debt:

> only in the judicial district or similar legal entity--
> (A) in which such consumer signed the contract sued upon; or
> (B) in which such consumer resides at the commencement of the action.

15 U.S.C.A. § 1692i. Plaintiff's claim is not proper since the Arizona State Court already found that Plaintiff was a resident of the State of Arizona, Maricopa County at the commencement of the action. The Trial Court's order states:

> Defendant is not entitled to a dismissal. She was personally served where she resides in Arizona, at the same address listed in her Motion [paper's signature line]. Additionally, the exhibits to the Response [brief] show that the address listed on her account statements is the same address as where she was served. Defendant is, therefore, conducting business in Arizona. The Court has both personal and <u>general jurisdiction over the Defendant</u>. A.R.S § 12-401 provides that venue is proper in a county where a defendant resides. <u>Defendant was residing in a residence in Chandler, Maricopa County when she was served with process</u>.

(Doc. 23, Creditor Action (Parker Decl. Ex. A)) (emphasis added). Plaintiff's claims are prohibited under the Rooker-Feldman doctrine, and this Court does not have subject matter jurisdiction to relitigate this issue. Plaintiff's Complaint must be dismissed for lack of subject matter jurisdiction.

Additionally, Plaintiff's claims are barred for failure to state a claim due to issue preclusion. The federal courts consistently accord preclusive effect to issues decided by state courts. *Allen v. McCurry*, 449 U.S. 90, 95–96 (1980). Res judicata and collateral estoppel not only reduce unnecessary litigation and foster reliance on adjudication, but also promote the comity between state and federal courts that has been recognized as a bulwark

of the federal system. *Id.*, *See also Younger v. Harris*, 401 U.S. 37, 40 (1971). In this case, the Arizona State Court already analyzed Plaintiff's disputed residency in Plaintiff's motion to dismiss for lack of personal jurisdiction and improper venue and subsequently again in Plaintiff's motion to vacate judgment. At both instances, the Arizona State Court concluded that Cheek did reside in the lawsuit's judicial district at the commencement of the action. The State Court's finding must be given preclusive effect and Plaintiff's Complaint must be dismissed for failure to state a claim upon which relief can be granted.

### III. CONCLUSION

For the reasons stated herein, Defendants respectfully requests that this Court grant their motion to dismiss and dismiss Plaintiffs' Complaint in its entirety.

This the 18th day of December, 2020.

**PARKER DANIELS KIBORT LLC**

By *s/Andrew D. Parker*
Andrew D. Parker (#028314)
Parker Daniels Kibort LLC
888 Coldwell Building
123 N. Third Street
Minneapolis, MN 55402
Phone: (612) 355-4100
Fax: (612) (355-4101
*parker@parkerdk.com*

*Attorney for Defendants Gurstel Law Firm P.C., Shannon Crane, Whitney Jacobson and Jesse Vassallo Lopez*

## **MEET AND CONFER CERTIFICATE**

The undersigned hereby certifies that the parties conferred in good faith on December 18, 2020 but were unable to agree that the complaint is curable by a permissible amendment.

By <u>*s/Andrew D. Parker*</u>
      Andrew D. Parker (#028314)

## CERTIFICATE OF SERVICE

I hereby certify that on December 18, 2020, I electronically transmitted the foregoing document to the Clerk of Court using the CM/ECF System for filing and transmitted a Notice of Electronic Filing to all parties and attorneys of record in this matter, including *pro se* Plaintiff, LeGretta Cheek.

*/s/Mary B. Beeman*
Mary B. Beeman