# EXHIBIT 1

From: ac <lcheek9167@aol.com>
Sent: Friday, December 18, 2020 2:47 PM
To: Abraham Kaplan <kaplan@parkerdk.com>
Subject: Re: Re. Cheek v. Gurstel Law Firm et al CV-20-2253 PHX-JJT USDC AZ

Good Evening Attorney Kaplan,
The state case you referenced is in Arizona Court of Appeals awaiting the ruling.

This case is regarding FDCPA violations therefore I will not dismiss the case.

Thanks
LeGretta F. Cheek

-----Original Message-----
From: Abraham Kaplan <kaplan@parkerdk.com>
To: ac <lcheek9167@aol.com>
Sent: Fri, Dec 18, 2020 3:07 pm
Subject: RE: Re. Cheek v. Gurstel Law Firm et al CV-20-2253 PHX-JJT USDC AZ

Ms. Cheek,

Plaintiff's claims are barred for failure to state a claim due to issue preclusion. The federal courts consistently accord preclusive effect to issues decided by state courts. *Allen v. McCurry*, 449 U.S. 90, 95–96 (1980). Res judicata and collateral estoppel not only reduce unnecessary litigation and foster reliance on adjudication, but also promote the comity between state and federal courts that has been recognized as a bulwark of the federal system. *Id.*, *See also Younger v. Harris*, 401 U.S. 37, 40 (1971). In this case, the Arizona State Court has already analyzed Plaintiff's disputed residency in Plaintiff's motion to dismiss for lack of personal jurisdiction and subsequently again in Plaintiff's motion to vacate judgment. At both instances, the Arizona State Court concluded that Cheek did reside in the lawsuit's judicial district at the

commencement of the action. The State Court's finding must be given preclusive effect and Plaintiff's Complaint must be dismissed for failure to state a claim upon which relief can be granted.

The Trial Court's order states:

> Defendant is not entitled to a dismissal. She was personally served where she resides in Arizona, at the same address listed in her Motion [paper's signature line]. Additionally, the exhibits to the Response [brief] show that the address listed on her account statements is the same address as where she was served. Defendant is, therefore, conducting business in Arizona. The Court has both personal and <u>general jurisdiction over the Defendant</u>. A.R.S § 12-401 provides that venue is proper in a county where a defendant resides. <u>Defendant was residing in a residence in Chandler, Maricopa County when she was served with process</u>.

**Please reply if will dismiss or amend the complaint so as to not require me to bring the Rule 12(b)(6) motion to dismiss.**

---

**From:** ac <lcheek9167@aol.com>
**Sent:** Friday, December 18, 2020 1:44 PM
**To:** Abraham Kaplan <kaplan@parkerdk.com>
**Subject:** Re: Re. Cheek v. Gurstel Law Firm et al CV-20-2253 PHX-JJT USDC AZ

Good Evening Attorney Kaplan,
Yes you did miss my call at approximately 2:02PM EST. As per local rule 12.1 (c)  I do need to confer with you I prefer a written notice.

> "The movant may comply with this rule through personal, telephonic, or written notice of the issues that it intends to assert in a motion. A motion that does not contain the required certification may be stricken summarily."

I am always open for discussion of settlement in this matter.
Thanks
LeGretta F. Cheek

-----Original Message-----
From: Abraham Kaplan <kaplan@parkerdk.com>
To: ac <lcheek9167@aol.com>
Sent: Fri, Dec 18, 2020 1:56 pm
Subject: RE: Re. Cheek v. Gurstel Law Firm et al CV-20-2253 PHX-JJT USDC AZ

(c) Motions to Dismiss for Failure to State a Claim or for Judgment on the Pleadings. No motion to dismiss for failure to state a claim or counterclaim, pursuant to Federal Rule of Civil Procedure 12(b)(6),

or motion for judgment on the pleadings on a claim or counterclaim, pursuant to Federal Rule of Civil Procedure 12(c), will be considered or decided unless the moving party includes a certification that, before filing the motion, the movant notified the opposing party of the issues asserted in the motion and the parties were unable to agree that the pleading was curable in any part by a permissible amendment offered by the pleading party. The movant may comply with this rule through personal, telephonic, or written notice of the issues that it intends to assert in a motion. A motion that does not contain the required certification may be stricken summarily.

**LRCiv 12.1(c)**



PARKER | DANIELS | KIBORT

ABRAHAM S. KAPLAN
ATTORNEY

888 COLWELL BUILDING
123 NORTH THIRD STREET
MINNEAPOLIS, MN 55401
www.parkerdk.com

tel 612 355 4100

**From:** ac <lcheek9167@aol.com>
**Sent:** Friday, December 18, 2020 12:51 PM
**To:** Abraham Kaplan <kaplan@parkerdk.com>
**Subject:** Re: Re. Cheek v. Gurstel Law Firm et al CV-20-2253 PHX-JJT USDC AZ

Good Afternoon Attorney Kaplan,
I have a question what local rule is it that you must confer with me before filing a responsive pleading?
Thanks
LeGretta Cheek

-----Original Message-----
From: Abraham Kaplan <kaplan@parkerdk.com>
To: Lcheek9167@aol.com <Lcheek9167@aol.com>
Cc: Mary Beeman <Beeman@parkerdk.com>
Sent: Fri, Dec 18, 2020 11:53 am
Subject: Re. Cheek v. Gurstel Law Firm et al CV-20-2253 PHX-JJT USDC AZ

Good morning Ms. Cheek,

I represent the Defendants in the above titled lawsuit. Originally filed in United States District Court NC then transferred to AZ. I obtained your email from your recent filing with the court.

I will be filing a responsive pleading on behalf of the Defendants today, and pursuant to the local procedural rules am required to conduct a meet and confer prior to filing. Are you available now to discuss? If yes, what is a good number I can reach you by?



ABRAHAM S. KAPLAN
ATTORNEY

888 COLWELL BUILDING
123 NORTH THIRD STREET
MINNEAPOLIS, MN 55401
www.parkerdk.com

tel 612 355 4100