**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| LeGretta F. Cheek, | No. CV-20-02253-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Gurstel Law Firm PC, *et al.*, | |
| Defendants. | |

At issue is Defendants Gurstel Law Firm, P.C., Shannon Crane, Whitney Jacobson, and Jesse Vasallo Lopez's Motion to Dismiss (Doc. 46, MTD), to which Plaintiff LeGretta F. Cheek filed a Response (Doc. 53, Resp.), and Defendants filed a Reply (Doc. 58). Also at issue is Plaintiff's Motion to Strike (Doc. 51). Defendants filed a Response (Doc. 59), and Plaintiff filed a Reply (Doc. 61). For the following reasons, the Court will grant Defendants' Motion to Dismiss and deny Plaintiff's Motion to Strike.

**I.     BACKGROUND**

This matter arises out of Defendants' attempt to collect Ms. Cheek's credit card debt. Ms. Cheek opened up a credit card account with Bank of America, N.A on an unidentified date. After failing to pay her debt in the requisite timeframe, Ms. Cheek defaulted. Bank of America hired Defendants to collect the outstanding monetary balance. (Doc. 1, Complaint ("Compl.") ¶¶ 25-28.)

On December 6, 2018, Defendants filed a complaint in the Superior Court of the State of Arizona in and for the County of Maricopa for breach of contract.[1] Ms. Cheek alleges that at the time of filing, she resided in Charlotte, North Carolina. (Compl. ¶ 34.) On February 8, 2019, while Ms. Cheek visited Chandler, Arizona, Defendants served or caused Ms. Cheek to be personally served with the summons and complaint. (Compl. ¶ 35.) Ms. Cheek subsequently moved to dismiss the lawsuit for improper venue. The Superior Court denied Ms. Cheek's motion, finding that it had both personal and general jurisdiction over her because Ms. Cheek "was residing in a residence in Chandler, Maricopa County when she was served with process."[2] (Doc. 47, Declaration of Andrew Parker ¶ 3, Ex. A.) Subsequently, the Superior Court granted Bank of America's Motion for Summary Judgment and entered judgment against Ms. Cheek for $34,586.00. (Declaration of Andrew Parker ¶ 4, Ex. B.)

Ms. Cheek alleges that Defendants filed the lawsuit in the incorrect venue in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692. Pursuant to 15 U.S.C. § 1692i, a debt collector shall bring a legal action to collect the debt:

> only in the judicial district or similar legal entity--
> (A) in which such consumer signed the contract sued upon; or
> (B) in which such consumer resides at the commencement of the action.

15 U.S.C.A. § 1692i. Ms. Cheek alleges that she did not sign the contract with Bank of America in Arizona and that she did not reside in Maricopa County, Arizona at the commencement of Defendants' lawsuit. In their Motion to Dismiss, Defendants assert, pursuant to Federal Rule of Civil Procedure 12(b)(1), that under the *Rooker-Feldman* doctrine, this Court lacks subject matter jurisdiction over the Complaint. Defendants also argue that under Rule 12(b)(6), Plaintiff's claim is precluded by collateral estoppel.

---

[1] Bank of America v. LeGretta F. Cheek, Superior Court of Arizona, County of Maricopa, Case No. CV-2018-056884.

[2] The Court will take judicial notice of the pleadings and orders from the Superior Court litigation. S*ee Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (noting that the court may take judicial notice of undisputed "matters of public record").

## II. LEGAL STANDARD

"A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may attack either the allegations of the complaint as insufficient to confer upon the court subject matter jurisdiction, or the existence of subject matter jurisdiction in fact." *Renteria v. United States*, 452 F. Supp. 2d 910, 919 (D. Ariz. 2006) (citing *Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979)). "Where the jurisdictional issue is separable from the merits of the case, the [court] may consider the evidence presented with respect to the jurisdictional issue and rule on that issue, resolving factual disputes if necessary." *Thornhill*, 594 F.2d at 733; *see also Autery v. United States*, 424 F.3d 944, 956 (9th Cir. 2005) ("With a 12(b)(1) motion, a court may weigh the evidence to determine whether it has jurisdiction."). The burden of proof is on the party asserting jurisdiction to show that the court has subject matter jurisdiction. *See Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990).

"[B]ecause it involves a court's power to hear a case," subject matter jurisdiction "can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). Courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513-14 (2006).

A dismissal under Rule 12(b)(6) for failure to state a claim can be based on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). "While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also* Fed. R. Civ. P. 8(a). The complaint must thus contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "[A] well-pleaded complaint may proceed even if it

strikes a savvy judge that actual proof of those facts is improbable, and that 'recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

## III. ANALYSIS

### A. Rooker-Feldman

The *Rooker-Feldman* doctrine derives from two Supreme Court decisions, *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923), and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). First in *Rooker* and later in *Feldman*, the Supreme Court held that federal district courts cannot review state court decisions in an appellate capacity. The Ninth Circuit Court of Appeals has stated that *Rooker-Feldman* "prevents federal courts from second-guessing state court decisions by barring the lower federal courts from hearing *de facto* appeals from state-court judgments." *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003). "It is a forbidden *de facto* appeal under *Rooker-Feldman* when the plaintiff in federal district court complains of a legal wrong allegedly committed by the state court and seeks relief from the judgment of that court." *Noel v. Hall*, 341 F.3d 1148, 1163 (9th Cir. 2004).

Here, the *Rooker-Feldman* doctrine does not warrant dismissal of Plaintiff's Complaint. Defendants argue that Plaintiff's Complaint is a *de facto* appeal of the Superior Court's Order. In *Noel*, the Ninth Circuit distinguished between instances where the *Rooker-Feldman* doctrine is and is not applicable:

> If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker–Feldman* bars subject matter jurisdiction in federal district court. If, on the other hand, a federal plaintiff asserts as a legal wrong an allegedly illegal act or omission by an adverse party, *Rooker–Feldman* does not bar jurisdiction.

*Noel*, 341 F.3d at 1164. Plaintiff's Complaint falls under the latter scenario. She does not challenge either of the Superior Court's orders. Nor does she seek relief from the Superior Court's judgment. Rather, she alleges that Defendants' filing of the complaint in

Maricopa County violated Section 1692i(a)(2)(B) of the FDCPA. (Compl. ¶ 39.) The filing of the lawsuit, not the Superior Court's decision, is the basis for Plaintiff's FDCPA claim. *See Manufactured Home Cmtys. Inc. v. City of San Jose*, 420 F.3d 1022, 1030 (9th Cir. 2005) (holding complaint that "does not directly challenge a state court's factual or legal conclusion" is not a *de facto* appeal under *Rooker-Feldman*).

It is of no import whether Plaintiff's claim is "inextricably intertwined with the state court judicial decision." *Bell v. City of Boise*, 709 F.3d 8090, 897 (9th Cir. 2013). As explained in *Bell*, "[t]he 'inextricably intertwined' language from Feldman is not a test to determine whether a claim is a *de facto* appeal, but is rather a second and distinct step in the *Rooker–Feldman* analysis." *Id.* The second step only is necessary if the Court determines that Plaintiff's Complaint constitutes a *de facto* appeal.[3] Therefore, the Court need not analyze this second step in its analysis.

### B. Collateral Estoppel

However, the Court finds that the doctrine of collateral estoppel warrants the dismissal of Plaintiff's Complaint. The doctrine of collateral estoppel, or issue preclusion, "bars a party from relitigating an issue identical to one he has previously litigated to a determination on the merits in another action." *State ex rel. Winkleman v. Ariz. Navigable Stream Adjudication Comm'n*, 229 P.3d 242, 256 (Ariz. Ct. App. 2010). "The elements necessary to invoke collateral estoppel are: the issue is actually litigated in the previous proceeding, there is a full and fair opportunity to litigate the issue, resolution of such issue is essential to the decision, there is a valid and final decision on the merits, and there is a common identity of the parties." *Id.*[4] Unlike claim preclusion, issue preclusion is available

---

[3] *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008) provides a different interpretation of the *Rooker-Feldman* doctrine. Rather than analyze the doctrine as two distinct steps, the court explained that the test for a *de facto* appeal is whether the "claims raised in the federal court action are 'inextricably intertwined' with the state court's decision…" *Id.* This District has declined to adopt this rule and instead follows the guidance set forth in *Bell* and *Noel*. *See Garduno v. Autovest LLC*, 143 F. Supp. 923, 926 (D. Ariz. 2015) (declining to adopt *Reusser's* broad application of the *Rooker-Feldman* doctrine and instead using the two-step test articulated in *Bell* and *Noel*); *Fitzhugh v. Miller*, No. CV-19-04632-PHX-DWL, 2020 WL 1640495 at *4 (D. Ariz. Apr. 2, 2020) (holding complaint that does not directly challenge state court's decision is not barred by *Rooker-Feldman*).

to a party who was not involved in the prior suit, so long as it is asserted against a party that was. *Sees v. KTUC, Inc.*, 714 P.2d 859, 862 (Ariz. Ct. App. 1985).

Ms. Cheek's FDCPA claim attempts to relitigate the issue of her residency at the commencement of Bank of America's Superior Court lawsuit. Her claim is based on the allegation that her "legal place of abode, when served was not within the precinct of the Maricopa County Justice Court, but rather lies in Western District of North Carolina…" (Compl. ¶ 37.) This allegation overlaps with the basis for Ms. Cheek's motion to dismiss the Superior Court action, which asserted that she was a resident of North Carolina. The Superior Court denied Ms. Cheek's motion to dismiss, finding that she was a resident of Chandler, Maricopa County when she was served with the complaint. Therefore, Ms. Cheek had the full and fair opportunity to litigate the issue of her residency, the issue was actually litigated, and its resolution was central to the Superior Court's decision.

Additionally, the Superior Court's order granting Bank of America's motion for summary judgment is valid and final on the merits. Although the order did not expressly address Ms. Cheek's residency, the court's ability to grant summary judgment depended on its finding that it had jurisdiction over Ms. Cheek based on her residency in Chandler, Maricopa County. Ms. Cheek argues that because she has appealed the Superior Court's decision, it cannot have preclusive effect. This is contrary to Ninth Circuit caselaw, which establishes that a final judgment that is pending appeal retains its preclusive effect. *Tripati v. Henman*, 857 F.2d 1366, 1367 (9th Cir. 1988).

### C.   Motion to Strike

Lastly, the Court will deny Ms. Cheek's Motion to Strike. Ms. Cheek contends that Defendants failed to confer with her, as required by LRCiv 12.1(c), prior to filing their Motion to Dismiss. Ms. Cheek's request fails on the merits. Defendants produced communications showing that on December 18, 2020, Defendants' counsel informed Ms. Cheek via email that her FDCPA claim was collaterally estopped and requested that

---

[4] Where, as here, Defendants invoke collateral estoppel defensively, Defendants do not need to show common identity of the parties. *See Campbell v. SZL Properties, Ltd.*, 62 P.3d 966, 968 (Ariz. Ct. App. 2003).

Ms. Cheek dismiss or amend the Complaint. Ms. Cheek responded, declining counsel's request. (Second Declaration of Andrew D. Parker ¶ 3, Ex. 1.) Counsel subsequently filed the Motion at issue. Because Defendants met their burden pursuant to LRCiv 12.1(c), the Court will deny Plaintiff's Motion to Strike.

**IT IS THEREFORE ORDERED** granting Defendants' Motion to Dismiss with prejudice (Doc. 46).

**IT IS FURTHER ORDERED** denying Plaintiff's Motion to Strike (Doc. 51).

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment accordingly and terminate this action.

Dated this 19th day of July, 2021.

Honorable John J. Tuchi
United States District Judge